STATE *v.* THE JUDGE OF THE SECOND DISTRICT COURT—Ex rel. J. A.
D'HÉMÉCOURT.

*A mandamus* will not be granted to compel the Judge of the lower court to sign a bill of exceptions when
it does not appear that the bill of exceptions had been exhibited to the adverse party previous to its
being presented to the court.

ON an application for a *mandamus* to the Judge of the Second District Court
of New Orleans. *C.'Redmond*, for relator.

MERRICK, C. J. The present proceeding is a petition for a writ of *mandamus*,
to compel the Judge of the Second District Court to sign two bills of exception in
causes 11,157 and 13,300 on the docket of that court.

The principal ground for the application is set forth in the following allegations
in the petition, viz :

" That the transcripts of appeal are incomplete, by reason of the refusal of the
Judge *a quo* to sign the annexed bills of exception, A and B, tendered to him on
the 3d June, 1858, the day after the trial at the opening of the court, in pursuance
of a practice, if not of a positive rule of court which forbids any further postpone-
ment ; that his honor below refused to examine said bills, or allow the same to
be filed until they should have been submitted to the adverse counsel ; that with-
out admitting the binding effect of this requirement, which, on the contrary, peti-
tioner believes to be incompatible with the law and the obvious rights of parties
litigant ; he nevertheless endeavored to comply with the same, and informed the
respective counsel as soon as possible that his exceptions had been delivered to the
Judge who required their opinion of, before certifying, the said bills of exception,
and, that petitioner again and a third time applied to the said Judge of the said
court to sign his said bills, but was still met by the same objection, which peti-
tioner had used every exertion to meet and obviate."

A writ of *mandamus* seems to be the proper remedy to resort to, where a Dis-
trict Judge absolutely refuses to perform his duty and sign a bill of exception
which has been properly taken.

A peremptory *mandamus* was orded to compel the District Judge to sign a bill
of exception in the case of *Brousart* v. *Trahan's Heirs*, 3 M. R. 714, and a simi-
lar mandate is expressly allowed by Article 899 of the Code of Practice.

But, as the application for a writ of *mandamus* implies a refusal on the part of
the District Judge to perform the duties of his office, the allegations in the petition
ought to show affirmatively, and not by implication, the neglect of duty, the sub-
ject of complaint.

In the case presented by the relator, it appears that he presented to the District
Judge his bills of exception drawn by his counsel, and left them in the hands of
the Judge, and that the opposite counsel were informed by him, that the bills of
exception, so prepared, were delivered to the Judge, who required their opinion of
the same. The opposite counsel, therefore, were called upon to go before the
Judge and examine the bills of exception and give their opinion of the same, some
time (how long does not appear) after the case had been tried.

The bills of exception ought to have been *exhibited* to the adverse counsel before
they were deposited with the Judge.

Art. 489 of the Code of Practice is in these words, viz :

" This bill of exception must be exhibited to the adverse party, who may object to any error in the statement therein contained : it shall *then* be presented to the court, who, after correcting it, if erroneous, shall sign the same, and direct the Clerk to file it among the records of the suit."

It was, therefore, clearly within the discretion of the District Judge to refuse to sign the bills tendered until they had been exhibited to the adverse counsel.

The information conveyed to them that the Judge had the bills, was not a compliance with the law.

It is, therefore, ordered, that the petition in this case be dismissed, at the costs of the relator.